## Case No. 1,547.

### BLISS v. GAYLORD PATENT COUPLING & MANUF'G CO. et al.

[7 Blatchf. 279.][1]

Circuit Court, S. D. New York.    June 7, 1870.

PATENTS—IMPROVEMENT IN HOSE COUPLINGS—VALIDITY—INFRINGEMENT.

1. The reissued letters patent granted to William H. Bliss, December 21st, 1869, for an "improvement in hose-couplings," on the surrender of the original patent granted to William H. Bliss and Robert B. Lawton, as inventors, February 22d, 1859, are valid.

[See, contra, Bliss v. City of Brooklyn, Case No. 1,546.]

2. The first claim of such reissued patent claims the arrangement of two thimbles, the inner one grooved circumferentially, and with an incline on the side of the groove, against which a pin passing through the outer thimble is forced, so that the inward movement of the pin crowds the end of the inner thimble against the seat on the shoulder in the outer thimble.

3. The second claim claims the construction with an incline, of the side of the groove in the inner thimble.

4. Those claims are infringed by a hose-coupling which has every feature described in the specification of such reissued patent except the feature of the rotation of the pin when not disconnected from the thimble.

[1] Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[In equity. Suit by William H. Bliss against the Gaylord Patent Coupling & Manufacturing Company and others to restrain the infringement of letters patent No. 23,033, granted to complainant and Robert B. Lawton, February 22, 1859, and reissued to complainant December 21, 1869, for an improvement in hose couplings. Motion for provisional injunction granted.]

George Gifford, for plaintiff.
Peter Van Antwerp, for defendants.

BLATCHFORD, District Judge. The original patent in this case was issued to the plaintiff and Robert B. Lawton, as inventors, February 22d, 1859, for an "improvement in hose couplings." It came before me—Bliss v. Haight [Case No. 1,548]—on the final hearing of a suit in equity brought on it by the plaintiff against the defendant Haight and others. In the construction I then gave to the patent, there had been no infringement of it by the defendants in that suit. In my decision then given, I said: "It may be that the patentees have a patentable invention in the action between the conical face of a pin and the bevelled side of a groove in two thimbles, in a hose-coupling, to make a water-tight joint between the end of one thimble and a seat in the other, irrespective of any capacity in the pin to rotate, after the thimbles are set, to allow a swivelling action; but, if they have, they have failed to secure it by their claim, as at present worded. The defendants have been called upon to meet and defend against the claim as it is; and the most liberal interpretation will not warrant the court in striking out from the claim the feature of rotation, which makes the pin a roller, and which the claim states is a part of the whole, and must operate to effect the purpose which the body of the specification sets forth as the purpose to be effected by such rotation. The defendants' coupling has no substitute or equivalent for such feature of rotation in the pin, and it does not infringe the patent." Since that decision was rendered the patent has been reissued to the plaintiff, the reissue bearing date December 21st, 1869. There can be no doubt that the case was a proper one for a reissue, and that the reissue is valid. The reissued specification says: "The object of this invention is to connect hose together in such a manner as to secure a tight joint, and admit of their being connected and disconnected with greater facility than was previously done. The nature of the invention consists in having a part of one of the thimbles which are to connect the end of the hose, fitted into the other, with a circumferential groove around the inner one, having an inclined side nearest the tight joint to be formed by the coupling, and a pin, operated longitudinally through the outer thimble and against the side of the groove, so that, when the pin is moved in, it acts against the inclined side of the groove,

and forces the thimbles together, and secures a tight joint where the joint is to be made between the two thimbles, and, when the pin is moved out, it allows the thimbles to be separated." The specification then describes fully and intelligibly the mode of constructing and adjusting the apparatus. A thimble, D, fits within another thimble, C, the end of D abutting against a packing or ground seat on a shoulder formed within C. D is grooved circumferentially, one side at least of the groove being bevelled or inclined, so that the outer part is wider than the inner part, and on C a tubular flanch is made, with an opening through it and through C. A pin, which, by preference, has its inner end tapering, or rounded, or bevelled, or chamfered, passes through such opening into the circular groove on D. But the end of the pin may be made, without being so formed, to act on the inclined side of the groove, and tend to force the parts together, but not so advantageously. The pin is to be operated through the opening by means of a screw connection, or in any other convenient or known way, but preferably by a screw; and, when the pin is moved inwardly, its end comes in contact with the inclined side of the groove on D, and forces the end of D against the shoulder on the inside of C, thereby making a tight joint. A mode is described of constructing the pin so as to allow it to rotate freely when not disconnected from the thimble, and thereby prevent one and the same part of it from wearing at all times against the inclined side of the groove on D. The first two claims in the reissue are as follows: "1. The combination of the two thimbles, C and D, by means of a pin, operating longitudinally through the outer thimble C, and against the inclined side of the groove in the thimble D, so that the two thimbles will be forced together by the inward movement of the pin, and be liberated by its outward movement, substantially as described. 2. The side of the groove in D, nearest to the joint to be formed, or to the flanch, constructed with an incline, substantially as described."

Nothing is found in the description in the specification in the reissue which is not contained in the specification and drawings of the original patent, and the two claims above recited are within the scope of the invention described. The feature of the rotation of the pin is described as a preferential mode of construction, but it is not made a necessary part of either of the two claims. It is quite obvious that the object of the invention, in attaining a tight joint between the thimbles, and in enabling them to be rapidly connected and disconnected, can be accomplished by a pin which does not rotate, as well as by one which does. On this subject I said, in my decision in the former case: "It is apparent, from the description in the specification, that the conical roller is endowed with two functions. The conical face of the roller will, by bearing against the bevelled or inclined side of the groove, when the roller is screwed into the groove or recess, force the end of one thimble against the ground seat or packing in the other thimble, and thus form a water-tight joint. This function of making pressure, by the wedge-like action between the conical face of the roller and the bevelled side of the groove, has relation solely to the production of a water-tight joint between the two thimbles. In this particular, the fact that the roller is a roller capable of rotation, and not a pin, incapable of rotation, is of no importance. A pin with a conical face, incapable of rotation, and such face bearing against the bevelled side of the groove, would be, in all respects, the same as a roller with a conical face, so far as the wedge-like action between such conical face and the bevelled side of the groove, to press together the parts where the water-tight joint is to be formed, is concerned. But the roller, in addition to having a conical face, is a roller; and this introduces the second function of the conical roller. That is, that, after the roller is screwed into the groove, and the connection is formed between the two pieces of hose, they can be turned or rotated easily, and without much friction, by means of the rotation of the roller in one thimble, as its face bears against the side of the groove in the other thimble. As the two pieces of hose are turned, the movement of the end of one thimble against the packing or ground seat in the other thimble is favored and assisted by the rotation of the roller. This is what the specification calls, obtaining a swivel-joint. It is an incident of this function, that compensation is made for the wear attending the turning of the hose, by the fact that the roller may be screwed down further into the groove, as the conical face of the roller or the bevelled side of the groove becomes worn." There was, therefore, abundant warrant for the two claims thus introduced into the reissue. The essence of the first claim is the two thimbles, the inner one grooved circumferentially, and with an incline on the side of the groove, against which a pin, passing through the outer thimble, is forced, so that the inward movement of the pin crowds the end of the inner thimble against the seat on the shoulder in the outer thimble. The second claim claims merely the construction with an incline, of the side of the groove in the inner thimble.

The defendants in this case are engaged in making and selling hose-couplings the same in construction as those made and sold by the defendants in the former suit, and possessing every feature referred to in the specification of the reissue, except the feature of the rotation of the pin when not disconnected from the thimble. But that feature forms no part of either the first or the second claim of the reissue. The infringement by the defendants is, therefore, clear.

The defendants have put in an answer attacking the reissued patent on various grounds:

(1.) Want of clearness in the specification; (2.) Bad faith in the reissue, in that Lawton and Bliss did not invent what is claimed in the reissue; (3.) Inability of the invention, as described in the reissue, to make a secure connection under hydrostatic or other pressure; (4.) Prior existence of the invention in a patent granted to Jesse Reed, April 16th, 1841, for an "improvement in pumps."

The plaintiff now moves for a provisional injunction. Nothing is shown in opposition which gives any support to any of the grounds on which the patent is attacked in the answer, or which in any manner impeaches the validity of the reissued patent, or throws any doubt on the right of the plaintiff. The Reed patent does not contain anything that is claimed in the first two claims of the reissue.

An injunction must issue.

[NOTE. For other cases involving this patent, see note to Bliss v. Haight, Case No. 1,548.]